```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

UNITED STATES OF AMERICA,      )
                               )
                               )
         v.                    )    1:13cr137 (JCC)
                               )
GING-HWANG TSOA,               )
                               )
     Defendant.                )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant Ging-Hwang Tsoa's ("Defendant") Motion for Rule 17(c) Subpoenas Duces Tecum ("Motion"). [Dkt. 93.] For the reasons explained below, the Court will deny Defendant's Motion.

### I.  Background

On April 4, 2013, a grand jury returned a seven-count indictment charging Defendant and Robert Mikail ("Mikail") with bank fraud and conspiracy to commit bank fraud. [Dkt. 1.] The Government alleges that between 2005 and 2007, Mikail submitted fraudulent mortgage applications on behalf of "straw buyers" in order to secure funding to purchase real estate in northern Virginia. (Indictment, Count 1 ¶¶ 7-13.) According to the indictment,

> [t]he materially false and misleading statements contained in the mortgage applications included false statements as to the borrowers' supposed employment with Opus

1

>          Jewelry, fake monthly incomes, and false
>          statements as to their intent to occupy the
>          premises as primary residences. The
>          material omissions included incomplete
>          disclosures of other real estate owned by
>          the borrowers, including other properties
>          purchased as part of the conspiracy and
>          fraud scheme.

(Indictment, Count 1 ¶ 11.)

Defendant was a loan officer with First Empire Mortgage at this time, and she allegedly processed several of these false mortgage applications. (*Id.* at ¶¶ 2, 7-10.) The Government contends that Defendant was aware of, and aided, Mikail's scheme. (*Id.* at ¶ 10.)

On October 2, 2013, Defendant filed the instant Motion asking the Court to issue two third-party subpoenas under Rule 17(c)(1) of the Federal Rule of Criminal Procedure. (Def.'s Mot. for Subpoenas at 1.) In her proposed subpoenas, Defendant seeks "COMPLETE realtor files, including copies of external or internal communications, concerning [nine real estate transactions]" from Mega Realty and Investment Inc, and "COMPLETE mortgage broker files, including internal communications, concerning [four real estate transactions]" from Amir Shirazi. (Def.'s Mot. for Subpoenas, Exs. 1-2.) Defendant contends that the Government's discovery lacks several documents they believe will be found in these files and "it is critically

2

important for the defense to obtain and review these files prior to trial." (Def.'s Mot. for Subpoenas at 2.)

The Government has responded and objects to Defendant's request on grounds that it amounts to a "fishing expedition and an impermissible attempt to use Rule 17(c) . . . in a manner akin to civil discovery." (Gov't's Opp'n [Dkt. 96] at 4.)

Having reviewed the submissions identified above, the Court is satisfied that oral argument would not assist the decisional process. Accordingly, the Court will decide Defendant's Motion on the papers pursuant to Local Civil Rule 7(J) and Rule 78(b) of the Federal Rules of Civil Procedure.

## II. Standard of Review

Federal Rule of Criminal Procedure 17 states, in pertinent part: "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c)(1). It is now well-settled that Rule 17 "is not intended to provide a means of pretrial discovery; rather, its primary purpose is simply 'to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials.'" *United States v. Richardson*, 607 F.3d 357, 368 (4th Cir. 2010) (citation

3

omitted).  The Supreme Court has emphasized that "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms."  *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951).  In *United States v. Nixon*, the Supreme Court acted to avoid that result by adopting the following test:

> [I]n order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

418 U.S. 683, 699-700 (footnote omitted).  In short, the requesting party must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity."  *Id.* at 700.

Rule 17 clearly contemplates some intervention by the Court before a subpoena duces tecum can be made returnable pretrial, as is the case here.  *See United States v. Bran*, Criminal No. 3:12cr131-01, 2013 WL 1193338, at *1 (E.D. Va. Mar. 22, 2013).  The decision of whether to require production before trial rests within the sound discretion of the trial court.  *See United States v. McDonald*, No. 1:10CR29(JCC), 2010 WL 1734773, at *2 (E.D. Va. Apr. 26, 2010).

4

### III. Analysis

The Court has reviewed Defendant's Motion along with the attached subpoenas and it is apparent that they fail to satisfy the *Nixon* test. First, Defendant's request is overly broad. The Fourth Circuit has repeatedly stressed that Rule 17(c) is not a general discovery device, and to that end, the party requesting the information must identify with specificity what is sought. *See United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010). As this Court has stated, "[t]he specificity requirement announced in *Nixon* is designed to ensure that the use of trial subpoenas is limited to securing the presence at trial of particular documents or sharply defined categories of documents." *United States v. Crosland,* 821 F. Supp. 1123, 1129 (E.D. Va. 1993); *see also Caro*, 597 F.3d at 620 (noting that a Rule 17(c) subpoena cannot be used as a "general fishing expedition" in the hopes of finding favorable evidence). The subpoenas at issues here, which indiscriminately request "complete" files, are perhaps "a paradigmatic example of a fishing expedition." *United States v. Williams*, No. 1:09cr414 (JCC), 2010 WL 5113106, at *2 (E.D. Va. Dec. 6, 2010). To stay with the fishing theme, Defendant is merely casting for evidence that might support her defense, which does not justify the issuance of such a subpoena.

5

Defendant has also failed to carry her burden under the *Nixon* test with respect to relevancy. It is evident from Defendant's Motion that it is pure conjecture on her part whether the requested files contain anything germane to her defense. (Def.'s Mot. for Subpoenas at 1 ("The broker and title company files are likely to contain . . . .").) Defendant cannot establish the facts necessary to satisfy the *Nixon* test through hope, conjecture, or speculation. *See Caro*, 597 F.3d at 620 ("[T]he hope of obtaining favorable evidence does not justify the issuance of such a subpoena," especially where the movant "can only speculate as to what the requested information would have shown[.]").

Finally, the record suggests that Defendant has not acted with the requisite due diligence in attempting to obtain the requested documents. *See Nixon*, 418 U.S. at 700. Defendant's Motion contains the following language: "[t]he documents sought in the subpoenas, if they still exist"; and "[b]ased on counsel's experience generally, and with investigating this case in particular, these third parties will not voluntarily cooperate." (Def.'s Mot. for Subpoenas at 4.) This language alludes that no effort has been made to contact the parties Defendant seeks to subpoena. Such inaction is obviously insufficient.

6

Accordingly, the Court will not issue the subpoenas presented.

## IV. Conclusion

For the foregoing reasons, the Court will deny Defendant's Motion. An appropriate order will issue.[1]

|  |  |
|---|---|
| October 29, 2013<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |

---

[1] While Defendant's Motion seeks the issuance of Rule 17(c) subpoenas requiring pretrial production of documents, (Def.'s Mot. for Subpoenas at 1-2), the proposed subpoenas are in the form of testimonial subpoenas for the November 12, 2013, trial, (Def.'s Mot. for Subpoenas, Exs. 1-2). Court approval is not required for the latter. *See United States v. Clark*, No. 100CR00094, 2001 WL 759895, at *1 (W.D. Va. June 27, 2001) ("No leave of court is required for the issuance of a subpoena duces tecum where the witness is subpoenaed to attend and give live testimony, and is simply directed to bring certain documentary evidence to trial along with him or her."). Accordingly, the Court makes no judgment as to any testimonial subpoenas defense counsel may choose to issue under Rule 17.