IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| GING-HWANG TSOA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:13cr137 |
| | ) | 1:16cv310 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on *pro se* Petitioner Ging-Hwang Tsoa's (also known as "Felicia Tsoa" or "Tsoa" or "Petitioner") Section 2255 Motion to Vacate or Set Aside Criminal Judgment. [Dkt. 242.] For the reasons set forth below, the Court will deny Petitioner's motion.

**I.   Background**

On November 15, 2013, Tsoa was convicted of conspiracy and bank fraud charges. [Dkt. 137.] On February 21, 2014, this Court sentenced her to 30 months of incarceration on each count, to run concurrently; three years of supervised release; restitution in the amount of $1,416,200, jointly and severally with her co-conspirators; forfeiture in the amount of $45,737.69; and $300 in special assessments. [Dkt. 167.]

1

On March 18, 2016, Tsoa petitioned to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, asserting actual innocence and ineffective assistance of counsel. [Dkt. 242.] On March 30, 2016, the Government filed its opposition to Tsoa's motion. [Dkt. 245.] Tsoa filed a response on April 21, 2016. [Dkt. 247.] This § 2255 petition is now ripe for disposition.

## II.  Analysis

Under 28 U.S.C. § 2255, a prisoner in federal custody may collaterally attack her sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426–27 (1962). The petitioner bears the burden of proof, which must be established by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). "Relief under § 2255 is designed to correct for fundamental constitutional, jurisdictional, or other errors, and it is therefore reserved for situations in which failing to grant relief would otherwise inherently result in a complete miscarriage of justice." *United States v. Hawkins*, 2012 WL

3578924, at *1 (E.D. Va. Aug. 17, 2012) (internal quotation marks and citation omitted).

Claims based upon actual innocence "should not be granted casually." *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998).  In fact, such claims "must be based on reliable evidence not presented at trial." *Id.* at 404-05 (citation and internal quotation marks omitted).  The Court should consider this new evidence along with "any other admissible evidence of the defendant's guilt," *id.*, to decide whether "'[no] rational trier of fact could [find] guilt beyond a reasonable doubt.'" *Hazel v. United States*, 303 F. Supp. 2d 753, 761 (E.D. Va. 2004 (quoting *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993)).

Tsoa argues in her § 2255 petition that her co-conspirators, Robert Mikail and Bing-Sing "Cindy" Wang, are the real guilty parties here.  She asserts that she was an unwitting participant who did not understand the loan business and, consequently, did not realize that Mikail and Wang were breaking the law.  However, Tsoa has offered no new evidence of actual innocence in her petition.  Instead, she repeats claims that were already presented at trial.  As a result, the Court finds that she has failed to meet her burden of proof to justify relief under § 2255 based upon actual innocence.

Like actual innocence, claims based upon ineffective assistance of counsel must also meet a specific standard in

order for a petitioner's § 2255 motion to succeed.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-pronged test for ineffective assistance claims.  This test requires a showing that: (1) the performance of counsel fell below an objective standard of reasonableness, based upon prevailing professional norms; and (2) as a result, there was prejudice to the defendant.  *Id*. 687-88.  To satisfy the performance prong, the petitioner must demonstrate that the errors were "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  *Id.* at 687.  To satisfy the prejudice prong, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  Petitioner fails to establish either prong here.

In essence, Tsoa argues that her attorneys did not properly present a mistake defense.  One only has to look at the trial transcript, however, to see that her attorneys presented exactly that type of defense.  Her attorneys pointed out to the jury that she did not understand the loan business and could not speak fluent English.  Defense counsel also described her co-conspirators as manipulative and dishonest in their dealings with Tsoa.  Furthermore, her attorneys attempted to elicit testimony from two experts in order to present a mistake defense

4

on Tsoa's behalf.[1]  The Court is unable to identify from petitioner's motion what, if anything, Tsoa expected her attorneys to do that they failed to do, other than convince a jury to render a not guilty verdict.  Accordingly, this Court finds that Tsoa has failed to meet her burden of proof to justify relief under § 2255 based upon ineffective assistance of counsel.

### III.  Conclusion

For the foregoing reasons, the Court will deny Petitioner Ging-Hwang Tsoa's motion to vacate, set aside, or correct her sentence under § 2255.

An appropriate order shall issue.

|  | /s/ |
|---|---|
| November 15, 2016 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

---

[1] This Court ultimately excluded the two experts' testimony, a decision that was later upheld by the Fourth Circuit.  Defense counsel's efforts to include this testimony, however, are evidence of their attempts to vigorously present Tsoa's mistake defense.